## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA
## HARRISBURG DIVISION

| | |
|---|---|
| CORBIN HOLBERT and BRET GLIDEWELL, each individually and on behalf of all others similarly situated,<br><br>v.<br><br>THE GIANT COMPANY LLC | Case No. _____<br>**CLASS/COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b) and FED. R. CIV. P. 23** |

## PLAINTIFFS' ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Like many other companies across the United States, The Giant Company's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout The Giant Company's organization.

3. As a result, The Giant Company's workers who were not exempt from the overtime requirements under federal and state law, were not paid for all hours worked or were not paid their proper overtime premium after the onset of the Kronos hack.

4. Corbin Holbert and Bret Glidewell are each such The Giant Company workers.

5. The Giant Company could have easily implemented a system for recording hours and paying wages to non-exempt employees until issues related to the hack were resolved.

6. But it did not. Instead, The Giant Company used prior pay periods or reduced payroll estimates to avoid paying wages and proper overtime to these non-exempt hourly and salaried employees.

7. The Giant Company pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. The burden of the Kronos hack was made to fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

9. The Giant Company's failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act (PMWA), 43 Pa. Stat. Ann. § 333.101 *et seq.*, the Pennsylvania Wage Payment and Collection Law (WPCL), 43 Pa. Stat. Ann. § 260.1 *et seq.*, the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. & Empl. § 3-415, and the Maryland Wage Payment and Collection Law (MWPCL), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

10.    Holbert and Glidewell bring this lawsuit to recover these unpaid overtime wages and other damages owed by The Giant Company to him and the non-overtime-exempt workers like him, who were the ultimate victims of not just the Kronos hack, but also The Giant Company's decision to make its front line workers bear the economic burden for the hack.

11.    This action seeks to recover the unpaid wages and other damages owed by The Giant Company to all these workers, along with the penalties, interest, and other remedies provided by federal, Pennsylvania, and Maryland law.

### JURISDICTION & VENUE

12.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13.    The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because The Giant Company is headquartered in this District.

### PARTIES

15.    **Plaintiff Corbin Holbert** is a natural person.

16.    Holbert has been, at all relevant times, an employee of The Giant Company.

17.     Holbert has worked for The Giant Company since May 2012.

18.     Holbert's written consent is attached as Exhibit 1.

19.     **Plaintiff Bret Glidewell** is a natural person.

20.     Glidewell has been, at all relevant times, an employee of The Giant Company.

21.     Glidewell has worked for The Giant Company since December 2021.

22.     Glidewell's written consent is attached as Exhibit 2.

23.     Holbert and Glidewell represent at least three groups of similarly situated The Giant Company workers.

24.     Holbert and Glidewell represent a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former hourly and salaried employees of The Giant Company who were non-exempt under the FLSA and who worked for The Giant Company in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

25.     Holbert represents a class of similarly situated workers under Pennsylvania law pursuant to Federal Rule of Civil Procedure 23. This "Pennsylvania Class" is defined as:

> **All current or former hourly and salaried employees of The Giant Company who were not exempt from overtime pay and who worked for The Giant Company in Pennsylvania**

**at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

26.     Glidewell represents a class of similarly situated workers under Maryland law pursuant to Federal Rule of Civil Procedure 23. This "Maryland Class" is defined as:

> **All current or former hourly and salaried employees of The Giant Company who were not exempt from overtime pay and who worked for The Giant Company in Maryland at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

27.     Together, throughout this Complaint, the FLSA Collective members, Pennsylvania Class members, and Maryland Class members are referred to as the "Similarly Situated Workers."

28.     **Defendant The Giant Company LLC f/k/a Giant Food Stores ("The Giant Company")** is a foreign limited liability company.

29.     The Giant Company maintains its headquarters and principal place of business in this District.

30.     The Giant Company may be served by service upon its registered agent, **Corporation Service Company, 2595 Interstate Dr., #103, Harrisburg, PA 17110**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

31.    At all relevant times, The Giant Company was an employer of Holbert and Glidewell within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32.    At all relevant times, The Giant Company was an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33.    At all relevant times, The Giant Company has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34.    During at least the last three years, The Giant Company has had gross annual sales in excess of $500,000.

35.    During at least the last three years, The Giant Company was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

36.    The Giant Company employs many workers, including Holbert and Glidewell, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

37.    The goods and materials handled, sold, or otherwise worked on by Holbert, Glidewell, and other The Giant Company employees and that have been

moved in interstate commerce include, but are not limited to, food, household consumer items, scanners, and forklifts.

FACTS

38.     The Giant Company is a Pennsylvania-based supermarket chain with stores in Pennsylvania, Maryland, Virginia, and West Virginia.

39.     Many of The Giant Company's employees are paid by the non-overtime-exempt hourly and salaried workers.

40.     Since at least 2021, The Giant Company has used timekeeping software and hardware operated and maintained by Kronos.

41.     On or about December 11, 2021, Kronos was hacked with ransomware.

42.     The Kronos hack interfered with its clients', including The Giant Company's, ability to use Kronos's software and hardware to track hours and pay employees.

43.     Since the onset of the Kronos hack, The Giant Company has not kept accurate track of the hours that Holbert and Similarly Situated Workers have worked.

44.     Instead, The Giant Company has used various methods to estimate the number of hours Holbert and Similarly Situated Workers work in each pay period.

45.    For example, The Giant Company issued paychecks based on the workers' scheduled hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

46.    This means that employees who were non-exempt and who worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

47.    Even if certain overtime hours were paid, the pay rate would be less than the full overtime premium.

48.    Many employees were not even paid their non-overtime wages for hours worked before 40 in a workweek.

49.    Holbert and Glidewell are such employees.

50.    Instead of paying Holbert and Gilbert for the hours they actually worked (including overtime hours), The Giant Company simply paid based on estimates of time or pay, or based upon arbitrary calculations and considerations **other than** their actual hours worked and regular pay rates.

51.    In some instances, Holbert and Gilbert were paid portions of overtime hours worked, but the overtime rate was not at the proper overtime premium of at least 1.5x the regular rate of pay, including required adjustments for shift differentials and non-discretionary bonuses.

52.     In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other adjustments required by law.

53.     The Giant Company knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

54.     The Giant Company knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

55.     The Giant Company knows it has to pay the wages it agreed to pay its employees.

56.     The Giant Company knows this because, prior to the Kronos hack, it routinely paid these workers for all hours worked at the rates it agreed to pay them.

57.     The Giant Company could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

58.     Instead of accurately tracking hours and paying employees' wages and overtime, The Giant Company decided to arbitrarily pay these employees, without regard to the wages and overtime they were owed.

59.     It was feasible for The Giant Company to have its employees and managers report accurate hours so its employees could be paid for the work they did for the company.

60.    But it chose not to do so.

61.    In other words, The Giant Company pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

62.    Holbert and Glidewell are two of The Giant Company's employees who had to shoulder the burden of this decision by The Giant Company.

63.    Holbert was and is a non-exempt hourly employee of The Giant Company.

64.    Holbert regularly works over 40 hours per week for The Giant Company.

65.    Holbert's normal, pre-Kronos hack hours are reflected in The Giant Company's records.

66.    Holbert had contractual agreement with The Giant Company to pay him for all hours worked.

67.    Holbert's contractual agreement with The Giant Company required him to be paid for all hours worked at an amount equal to his regular rate for hours up to 40 in a workweek, and at an overtime premium of no less than 1.5x his regular rate of pay for hours over 40 in a workweek.

68.     Since the Kronos hack, The Giant Company has not paid Holbert and its other workers pursuant to its contractual agreement with them.

69.     Since the Kronos hack, The Giant Company has not paid Holbert for his actual hours worked each week.

70.     Glidewell was and is a non-exempt hourly employee of The Giant Company.

71.     Glidewell regularly works over 40 hours per week for The Giant Company.

72.     Since the Kronos hack, The Giant Company has not paid Glidewell for his actual hours worked each week.

73.     Since the hack took place, The Giant Company has not been accurately recording the hours worked by Holbert, Glidewell, and its other workers.

74.     Even though The Giant Company may have had Holbert and Glidewell record and submit their hours, The Giant Company has not issued proper payment for all hours worked.

75.     Even when The Giant Company has issued payment to Holbert for any overtime, the overtime is not calculated based on Holbert's regular rates, as required by federal and Pennsylvania law.

76.     Even when The Giant Company has issued payment to Glidewell for any overtime, the overtime is not calculated based on Glidewell's regular rates, as required by federal and Maryland law.

77.     The Giant Company was aware of the overtime requirements of the FLSA.

78.     The Giant Company nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Holbert and Glidewell.

79.     The Giant Company's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

80.     The full overtime wages owed to Holbert, Glidewell, and the Similarly Situated Workers became "unpaid" when the work for The Giant Company was done—that is, on Holbert, Glidewell, and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

81.    At the time The Giant Company failed to pay Holbert, Glidewell, and the Similarly Situated Workers in full for their overtime hours by their regular paydays, The Giant Company became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal law.

82.    In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

83.    Even if The Giant Company made any untimely payment of unpaid wages due and owing to Holbert, Glidewell, or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

84.    The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

85.    Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to The Giant Company's acts and omissions resulting in the unpaid wages in the first place.

86.    Holbert, Glidewell, and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by The Giant Company under applicable law.

## COLLECTIVE ACTION ALLEGATIONS

87.    Holbert and Glidewell incorporate all other allegations.

88.    Numerous individuals were victimized by The Giant Company's patterns, practices, and policies, which are in willful violation of the FLSA.

89.    Based on their experiences and tenure with The Giant Company, Holbert and Glidewell are aware that The Giant Company's illegal practices were imposed on the FLSA Collective.

90.    The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

91.    These employees are victims of The Giant Company's unlawful compensation practices and are similarly situated to Holbert and Glidewell in terms of the pay provisions and employment practices at issue in this lawsuit.

92.    The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

93.    Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

94.    The Giant Company's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

95.     The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CLASS ACTION ALLEGATIONS—PENNSYLVANIA LAW

96.     Holbert and Glidewell incorporate all other allegations.

97.     The illegal practices The Giant Company imposed on Holbert were likewise imposed on the Pennsylvania Class members.

98.     Numerous other individuals who worked for The Giant Company were not properly compensated for all hours worked, as required by Pennsylvania law.

99.     The Pennsylvania Class is so numerous that joinder of all members of the class is impracticable.

100.    The Giant Company imposed uniform practices and policies on Holbert and the Pennsylvania Class members regardless of any individualized factors.

101.    Based on him experience and tenure with The Giant Company, as well as coverage of the Kronos hack, Holbert is aware that The Giant Company's illegal practices were imposed on the Pennsylvania Class members.

102.    Pennsylvania Class members were all not paid proper overtime when they worked in excess of 40 hours per week.

103.   Pennsylvania Class members were all not paid their contractually agreed wages.

104.   The Giant Company's failure to pay wages and overtime compensation in accordance with Pennsylvania law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Pennsylvania Class Members.

105.   The Giant Company's failure to pay contractually agreed wages and overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Pennsylvania Class Members.

106.   Holbert's experiences are therefore typical of the experiences of the Pennsylvania Class members.

107.   Holbert has no interest contrary to, or in conflict with, the members of the Pennsylvania Class. Like each member of the proposed class, Holbert has an interest in obtaining the unpaid wages and other damages owed under the law.

108.   A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

109.   Absent this action, many Pennsylvania Class members likely will not obtain redress of their injuries and The Giant Company will reap the unjust benefits of violating Pennsylvania law.

110.   Furthermore, even if some of the Pennsylvania Class members could afford individual litigation against The Giant Company, it would be unduly burdensome to the judicial system.

111.   Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

112.   The questions of law and fact common to each of the Pennsylvania Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.   Whether the Pennsylvania Class members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

    b.   Whether The Giant Company's failure to pay overtime at the rates required by law violated the PMWA;

    c.   Whether The Giant Company failed to pay Pennsylvania Class members their contractually agreed wages; and

    d.   Whether The Giant Company has any good faith defense to paying the contractually agreed wages.

113.   Holbert's claims are typical of the Pennsylvania Class members. Holbert and the Pennsylvania Class members have all sustained damages arising out of The Giant Company's illegal and uniform employment policies.

114.   Holbert knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

115.   Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### CLASS ACTION ALLEGATIONS—MARYLAND LAW

116.   Holbert and Glidewell incorporate all other allegations.

117.   The illegal practices The Giant Company imposed on Glidewell were likewise imposed on the Maryland Class members.

118.   Numerous other individuals who worked for The Giant Company were not properly compensated for all hours worked, as required by Maryland law.

119.   The Maryland Class is so numerous that joinder of all members of the class is impracticable.

120.   The Giant Company imposed uniform practices and policies on Glidewell and the Maryland Class members regardless of any individualized factors.

121.   Based on him experience and tenure with The Giant Company, as well as coverage of the Kronos hack, Glidewell is aware that The Giant Company's illegal practices were imposed on the Maryland Class members.

122.    Maryland Class members were all not paid proper overtime when they worked in excess of 40 hours per week.

123.    The Giant Company's failure to pay wages and overtime compensation in accordance with Maryland law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Maryland Class members.

124.    The Giant Company's failure to pay overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Maryland Class Members.

125.    Glidewell's experiences are therefore typical of the experiences of the Maryland Class members.

126.    Glidewell has no interest contrary to, or in conflict with, the members of the Maryland Class. Like each member of the proposed class, Glidewell has an interest in obtaining the unpaid wages and other damages owed under the law.

127.    A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

128.    Absent this action, many Maryland Class members likely will not obtain redress of their injuries and The Giant Company will reap the unjust benefits of violating Maryland law.

129.   Furthermore, even if some of the Maryland Class members could afford individual litigation against The Giant Company, it would be unduly burdensome to the judicial system.

130.   Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

131.   The questions of law and fact common to each of the Maryland Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.   Whether the Maryland Class members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

    b.   Whether The Giant Company's failure to pay overtime at the rates required by law violated the MWHL;

    c.   Whether The Giant Company failed to pay Maryland Class members within the time required by the MWPCL; and

    d.   Whether The Giant Company has any bona fide excuse for failing to pay wages owed to the Maryland Class.

132.   Glidewell's claims are typical of the Maryland Class members. Glidewell and the Maryland Class members have all sustained damages arising out of The Giant Company's illegal and uniform employment policies.

133.   Glidewell knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

134.   Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA AS TO HOLBERT, GLIDEWELL, AND THE FLSA COLLECTIVE

135.   Holbert and Glidewell incorporate each other allegation.

136.   By failing to pay Holbert, Glidewell, and the FLSA Collective members overtime at 1.5 times their regular rates, The Giant Company violated the FLSA. 29 U.S.C. § 207(a).

137.   The Giant Company owes Holbert, Glidewell, and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

138.   The Giant Company owes Holbert, Glidewell, and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

139.   The Giant Company knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Holbert, Glidewell, and the FLSA Collective members overtime compensation.

140.   Because The Giant Company knew, or showed reckless disregard for whether, its pay practices violated the FLSA, The Giant Company owes these wages for at least the past three years.

141.   The Giant Company's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

142.   Because The Giant Company's decision not to pay overtime was not made in good faith, The Giant Company also owes Holbert, Glidewell, and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

143.   Accordingly, Holbert, Glidewell, and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE PMWA AS TO HOLBERT AND THE PENNSYLVANIA CLASS

144.   Holbert and Glidewell incorporate all other allegations.

145.   The conduct alleged in this Complaint violates the PMWA.

146.   The Giant Company was and is an "employer" within the meaning of the PMWA.

147.   At all relevant times, The Giant Company employed Holbert and the other Pennsylvania Class members as "employees" within the meaning of the PMWA.

148.   The PMWA requires an employer like The Giant Company to pay overtime to all non-exempt employees.

149.   Holbert and the other Pennsylvania Class Members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

150.   Within the applicable limitations period, The Giant Company had a policy and practice of failing to pay proper overtime to the Pennsylvania Class Members for their hours worked in excess of 40 hours per week.

151.   As a result of The Giant Company's failure to pay proper overtime to Holbert and the Pennsylvania Class Members for work performed in excess of 40 hours in a workweek, The Giant Company violated the PMWA.

152.   Holbert and the Pennsylvania Class Members are entitled to overtime wages under the PMWA in an amount equal to 1.5 times their rates of pay, liquidated damages, attorney's fees, costs, penalties, and all other legal and equitable relief provided under the PMWA.

### THIRD CAUSE OF ACTION—VIOLATIONS OF THE WPCL AS TO HOLBERT AND THE PENNSYLVANIA CLASS

153.   Holbert and Glidewell incorporate all other allegations.

154.   The conduct alleged in this Complaint violates the WPCL.

155. The Giant Company was and is an "employer" within the meaning of the WPCL.

156. At all relevant times, The Giant Company employed Holbert and the other Pennsylvania Class Members as "employees" within the meaning of the WPCL.

157. The WPCL requires an employer like The Giant Company to pay wages to its employees on their regularly scheduled paydays.

158. Holbert and the Pennsylvania Class Members had oral or written contracts with The Giant Company.

159. Whether the contractual agreements of Holbert and the Pennsylvania Class Members were formal contracts, collective bargaining agreements, or oral, does not alter The Giant Company's obligations under the WPCL.

160. Holbert and the Pennsylvania Class Members' status as at-will employees or otherwise is irrelevantto whether they had an enforceable contract for wages with The Giant Company under the WPCL.

161. Holbert and the Pennsylvania Class Members had regularly scheduled paydays with The Giant Company.

162. The Giant Company failed to pay Holbert and the Pennsylvania Class Members their contractually agreed wages on their regularly scheduled payday.

163.   The Giant Company had no good faith basis for its failure to pay contractually agreed wages to Holbert and the Pennsylvania Class Members.

164.   As a result of The Giant Company's failure to pay agreed wages to Holbert and the Pennsylvania Class Members on their regularly scheduled paydays, Holbert and the Pennsylvania Class Members are entitled to recover unpaid wages and fringe benefits. WPCL, 43 Pa. Stat. Ann. § 260.10.

165.   Because The Giant Company failed to pay wages to Holbert and the Pennsylvania Class Members without any good faith basis, Holbert and the Pennsylvania Class Members are entitled to recover liquidated damages as provided for by the WPCL. WPCL, 43 Pa. Stat. Ann. § 260.10.

166.   Holbert and the Pennsylvania Class Members are also entitled to attorney's fees, costs, penalties, and all other legal and equitable relief provided under the WPCL. WPCL, 43 Pa. Stat. Ann. § 260.10.

### FOURTH CAUSE OF ACTION—VIOLATIONS OF THE MWHL AS TO GLIDEWELL AND THE MARYLAND CLASS

167.   Holbert and Glidewell incorporate all other allegations.

168.   The conduct alleged in this Complaint as to Glidewell and the Maryland Class violates the MWHL, Md. Code Ann. Lab. & Empl. § 3-415 *et seq.*

169.   The Giant Company was and is an "employer" within the meaning of the MWHL.

170.   At all relevant times, The Giant Company employed Holbert and the other Maryland Class members as "employees" within the meaning of the MWHL.

171.   The MWHL requires an employer like The Giant Company to pay overtime to all non-exempt employees.

172.   Glidewell and the other Maryland Class Members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

173.   Within the applicable limitations period, The Giant Company had a policy and practice of failing to pay proper overtime to the Maryland Class members for their hours worked in excess of 40 hours per week.

174.   As a result of The Giant Company's failure to pay proper overtime to Holbert and the Maryland Class members for work performed in excess of 40 hours in a workweek, The Giant Company violated the MWHL.

175.   Glidewell and the Maryland Class Members are entitled to overtime wages under the MWHL in an amount equal to 1.5 times their rates of pay, liquidated damages, attorney's fees, costs, penalties, and all other legal and equitable relief provided under the MWHL.

### FIFTH CAUSE OF ACTION—VIOLATIONS OF THE MWPCL AS TO GLIDEWELL AND THE MARYLAND CLASS

176.   Holbert and Glidewell incorporate all other allegations.

177.   The conduct alleged in this Complaint as to Glidewell and the Maryland Class violates the MWPCL, Md. Code Ann. Lab. & Empl. § 3-502 *et seq.*

178.   The Giant Company was and is an "employer" within the meaning of the MWPCL.

179.   At all relevant times, The Giant Company employed Glidewell and the other Maryland Class members as "employees" within the meaning of the MWPCL.

180.   The MWPCL requires an employer like The Giant Company to set regular paydays and issue payment of wages to its non-exempt employees at least once every two weeks or twice per month.

181.   The Giant Company failed to pay earned wages to Glidewell and the Maryland Class members within the time required under the MWPCL.

182.   The Giant Company had a policy and practice of failing make timely payments to the Glidewell and the Maryland Class members.

183.   The Giant Company did not have written authorization from Glidewell or the Maryland Class members to withhold, divert, or deduct any of their outstanding wages.

184.   The Giant Company did not have a bona fide excuse for failing to pay Glidewell and the Maryland Class members within the time required by the MWPCL.

185.   As a result of The Giant Company's failure to pay earned wages to Glidewell and the Maryland Class members within the time required by the MWPCL, The Giant Company violated the MWPCL.

186.   Glidewell and the Maryland Class members are entitled to recover their unpaid wages, liquidated damages in an amount equal to 2x the unpaid wages, attorneys' fees, costs, and all other legal and equitable relief provided under the WPCL.

**RELIEF SOUGHT**

Holbert and Glidewell pray for judgment against The Giant Company as follows:

a.   For an order certifying a collective action for the FLSA claims;

b.   For an order certifying a class action for the Pennsylvania law claims;

c.   For an order certifying a class action for the Maryland law claims;

d.   For an order finding The Giant Company liable for violations of federal wage laws with respect to Holbert, Glidewell, and all FLSA Collective members covered by this case;

e.   For an order finding The Giant Company liable for violations of Pennsylvania wage laws with respect to Holbert and all Pennsylvania Class members covered by this case;

f.     For an order finding The Giant Company liable for violations of Maryland wage laws with respect to Glidewell and all Maryland Class members covered by this case;

g.     For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Holbert, Glidewell, and all FLSA Collective members covered by this case;

h.     For a judgment awarding all unpaid wages, fringe benefits, liquidated damages, and penalties, to Holbert and all Pennsylvania Class members covered by this case;

i.     For a judgment awarding all unpaid wages, liquidated damages, and penalties, to Glidewell and all Maryland Class members covered by this case;

j.     For an equitable accounting and restitution of wages due to Holbert, Glidewell, and all FLSA Collective, Pennsylvania, and Maryland Class members covered by this case;

k.     For a judgment awarding costs of this action to Holbert, Glidewell, and all FLSA Collective, Pennsylvania, and Maryland Class members covered by this case;

l.     For a judgment awarding attorneys' fees to Holbert, Glidewell, and all FLSA Collective, Pennsylvania, and Maryland Class members covered by this case;

m.     For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Holbert, Glidewell, and all FLSA Collective, Pennsylvania, and Maryland Class members covered by this case; and

n.     For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _/s/ Angeli Murthy_____
**Angeli Murthy, Esq.**
PA Bar No. 93699
**MORGAN & MORGAN, P.A.**
8151 Peters Rd.Suite 4000
Plantation, FL 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
Email: amurthy@forthepeople.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

***Attorneys for Plaintiff***